# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-754
Lower Tribunal No. 17-21846
_____

**Leonard Brandon Pringle,**
Appellant,

vs.

**Ingrid Esther Pringle,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox, for appellant.

Florida Appeals, M. Shannon McLin, and Erin Pogue Newell (Orlando), for appellee.

Before FERNANDEZ, C.J., and EMAS, and BOKOR, JJ.

FERNANDEZ, C.J.

Appellant Leonard Brandon Pringle appeals the Supplemental Final Judgment of Dissolution of Marriage rendered on December 18, 2020, and the Order on his Motion for rehearing entered on March 12, 2021. We reverse the alimony award to the extent that its duration exceeds the length of the marriage, four years and nine months, and reverse and remand for a determination of the distribution of the mortgage debt. We affirm as to all other issues without further discussion.

" 'A trial court's decision to award or deny alimony will not be disturbed on appeal unless the record demonstrates that the trial court abused its discretion.' Similarly, a trial court's ruling on equitable distribution is reviewed for an abuse of discretion." <u>Weininger v. Weininger</u>, 290 So. 3d 928, 932 (Fla. 3d DCA 2019).

Leonard Brandon Pringle ("the Husband") argues that the trial court erred in awarding durational alimony in the amount of $500 to Ingrid Esther Pringle ("the Wife") for a period of five years because the length of the marriage was only four years and nine months. Section 61.08(7), Florida Statutes (2021), explicitly states that the duration of the award "may not exceed the length of the marriage." Because of the strict statutory requirement, we reverse the award for the sole purpose of limiting the award

to the exact length of the marriage, four years and nine months. We otherwise affirm the award.

Additionally, the Husband argues that the trial court failed to equitably divide the mortgage on the marital residence. In the order on appeal, the trial court states that the only marital debt consists of the Wife's student loans, failing to mention the mortgage. The trial court awarded the Husband "exclusive use and possession of the Marital Home and [to] maintain all the expenses of the Home." A quitclaim deed was issued by the Wife, which transfers title but does not affect the mortgage. See Pierson v. Bill, 182 So. 631 (Fla. 1938). We find that the language of the order is too vague for this Court to assume that the mortgage is included in the Husband's expenses to maintain the home.

Accordingly, we reverse and remand the alimony award to the extent that its duration exceeds the length of the marriage, four years and nine months. We also reverse and remand for a determination of the distribution of the mortgage debt. We affirm as to all other issues without further discussion.

Affirmed in part; reversed in part and remanded with instructions.